CA Form 1

# Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

SHOLA ODEYALE

*Plaintiff*

vs.

ARAMARK FACILITY SERVICES, INC.

*Defendant*

05-0008081

Civil Action No. _____

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

MICHAEL J. HOARE
Name of Plaintiff's Attorney

1101 14th Street, NW, Ste 710
Address
Washington, DC  20005

(202) 408-7901
Telephone

By _____
Deputy Clerk

Date 10-5-05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

EXHIBIT 1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

SHOLA ODEYALE,
2818 Sixth Street, NE
Washington, DC 20017

    Plaintiff,

    v.

ARAMARK FACILITY SERVICES, INC.,
    Registered Agent:
    CT Corporation
    1015 15th St., NW
    Suite 1000
    Washington, DC 20005

    Defendant.

CIVIL ACTION NO. 05-0008081

PLAINTIFF DEMANDS
HIS TRIAL BY JURY

RECEIVED
CIVIL CLERK'S OFFICE
OCT 0 6 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## COMPLAINT

District of Columbia Human Rights Act
(Race Discrimination/Retaliation)
and
District of Columbia Wage Payment and Collection Act
(Unlawful Holding of Wages Earned)
Assault
and
Battery
and
Breach of Contract

### I. INTRODUCTION

1.    Plaintiff Odeyale was employed by Defendant Aramark Facility Services, Inc. (hereinafter "Aramark" or "Defendant") in October 2004 in accordance with an agreement between

1

Defendant and the Washington Convention Center Authority (hereinafter WCCA), Plaintiff's former employer, which provided, in relevant part, that Defendant would provide janitorial and housekeeping services at the D.C. Convention Center and, because he was employed formerly by the WCCA, would employ Plaintiff in a position comparable to his position as a Building Services Supervisor which he held while employed by the WCCA for a period of at least six months pursuant to the District of Columbia's Privatization and Procurement and Contract Procedures Act.

Plaintiff Odeyale alleges that Defendant Aramark did not provide him the employment he was due and terminated his employment because of unlawful racial discrimination and/or retaliation. Plaintiff Odeyale also alleges that Defendant's termination of his employment constituted a breach of contract and violated the District of Columbia's Privatization and Procurement and Contract Procedures Act that required Defendant to provide such employees employment for no less than six months. Furthermore, Plaintiff alleges that because Defendant Aramark failed/refused to pay Plaintiff wages due him upon his termination, Defendant Aramark violated also the District of Columbia's Wage Payment and Collection Act.

## II. JURISDICTION

2. Jurisdiction over this matter is proper pursuant to the District of Columbia Human Rights Act, D.C. Code §2-1403.16, and the District of Columbia Wage Payment and Collection Law, D.C. Code § 13-1308.

## III. THE PARTIES

3. Defendant Aramark Facilities Services, Inc. is a District of Columbia corporation in the business of providing commercial janitorial and housekeeping services to, among others,

2

the WCCA.

4. On/about August 6, 2004 Defendant Aramark entered into a five year contract with the WCCA whereby Defendant Aramark agreed to provide janitorial and housekeeping services at the D.C. Convention Center.

5. The aforementioned contract between Defendant and WCCA provided, in relevant part, that upon the termination of his employment with WCCA, Defendant Aramark would employ Plaintiff, among others, in a position comparable to Plaintiff's position while employed by WCCA and for a term of no less than six months pursuant to the District of Columbia's Privatization and Procurement and Contract Procedures Act.

6. Plaintiff is a Nigerian born United States citizen who currently resides in the District of Columbia.

7. Plaintiff was employed by WCCA as a Building Services Supervisor during the period April 2001 through September 30, 2004.

8. Defendant Aramark employed Plaintiff during the period beginning on/about October 1, 2004 and ending on/about October 6, 2004.

## IV. FACTS

9. On/about October 1, 2004, Plaintiff began employment with Defendant Aramark.

10. On/about October 1, 2004, Defendant Aramark failed and/or refused to provide Plaintiff a job comparable to his previous position with WCCA, and instead, required that Plaintiff perform manual labor.

11. During the period on/about October 1 through on/about October 5, 2004 Plaintiff

3

repeatedly addressed his supervisor at Defendant Aramark with his concerns that his job responsibilities were not comparable to the position he held previously with the Convention Center.

12. On/about October 5, 2004 when Plaintiff addressed his supervisor with his concerns regarding his job assignment, Defendant Aramark's supervisor, Mr. Phil Myers, grabbed Plaintiff by his clothing, putting Plaintiff in fear of imminent physical harm, pushed Plaintiff causing him to injury his head and called Plaintiff a racially derogatory name.

13. On/about October 5, 2004 Plaintiff reported the aforesaid contact with his supervisor to Defendant Aramark's on-site General Manager, who declined to discuss the matter with Plaintiff.

14. On/about October 6, 2004 when Plaintiff again complained to Defendant Aramark's General Manager regarding the events of October 5, 2004, Defendant Aramark's General Manager terminated his employment.

15. Defendant Aramark's withheld wages earned by Plaintiff until December 31, 2004.

16. Defendant Aramark misconduct outlined above has caused and will cause Plaintiff to lose wages and other benefits of employment.

17. Defendant Aramark misconduct outlined above caused Plaintiff to experience emotional distress, pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

18. Defendant Aramark misconduct was outrageous, malicious, wanton, reckless and in willful disregard of Plaintiff's rights under the law, such as to warrant punitive damages.

4

## V. STATEMENT OF CLAIMS

### Count 1
### District of Columbia Human Rights Act
### Race Discrimination

19. Plaintiff incorporates herein the assertions contained in paragraphs 1 through 18.

20. Defendant Aramark is an "employer" within the meaning of the District of Columbia Human Rights Act, D.C. Code § 2-1401.02(10).

21. Defendant Aramark's conduct outlined above constituted unlawful race discrimination within the meaning of the District of Columbia Human Rights Act.

### Count 2
### District of Columbia Human Rights Act
### Retaliation

22. Plaintiff incorporates herein the assertions contained in paragraphs 1 through 18 and 20.

23. Defendant Aramark's conduct outlined above constituted unlawful retaliation within the meaning of the District of Columbia Human Rights Act.

### Count 3
### District of Columbia Payment and Collection of Wages Act
### Failure to Timely Pay Wages Earned Upon Termination

24. Plaintiff incorporates herein the assertions contained in paragraphs 1 through 18.

25. Defendant Aramark's conduct constituted a withholding of wages earned by and owed to Plaintiff in violation of D.C. Code § 32-1303.

26. Defendant Aramark's conduct warrants the imposition of the penalty provided by

D.C. Code § 32-1303(4).

### Count 4
### Breach of Contract

27. Plaintiff incorporates herein the assertions contained in paragraphs 1 through 18.

28. Plaintiff was an expressed beneficiary of the contract between the Washington Convention Center Authority and Defendant Aramark entered into on/about August 6, 2004.

29. Defendant Aramark's conduct in failing to provide Plaintiff continued employment for six months commencing on/about October 1, 2004 in a comparable position as that previously held by Plaintiff while employed with WCCA constituted a breach of the contract between WCCA and Defendant Aramark, with respect to which Plaintiff was an expressed beneficiary.

### Count 5
### Assault

30. Plaintiff incorporates herein the assertions contained in paragraphs 1 through 18.

31. Defendant Aramark is legally responsible for the tortious conduct of its supervising employee, Mr. Phil Myers.

### Count 6
### Battery

32. Plaintiff incorporates herein the assertions contained in paragraphs 1 through 18.

33. Defendant Aramark is legally responsible for the tortious conduct of its supervising employee, Mr. Phil Myers.

6

## VI. JURY DEMAND

34.  Plaintiff demand a trial by jury on all counts of this Complaint.

WHEREFORE, Plaintiff prays for a judgment against Defendant for all damages available under the law, including lost wages and benefits, compensatory, liquidated and punitive damages, prejudgment interest, reasonable attorney's fees, costs herein expended, and other relief as the Court deems just and proper.

Respectfully submitted,

_____
Michael J. Hoare [D.C. Bar #206979]
Cynthia A. Duffe [D.C. Bar #488406]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W., Suite 710
Washington, D.C. 20005
202.408.7901
202.408.7903 (Fax)
Attorney for Plaintiff

7



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION

SHOLA ODDEYALE
Vs.
ARAMARK FACILITY SERVICES

C.A. No.    2005 CA 008081 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MICHAEL L RANKIN
Date:    October 6, 2005
Initial Conference: 9:30 am, Friday, January 06, 2006
Location: Courtroom 519
    500 Indiana Avenue N.W.
    WASHINGTON, DC 20001

Caio-60.doc