IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHOLA ODEYALE**<br><br>Plaintiff,<br><br>v.<br><br>**ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP,**<br><br>Defendant. | **Civil Action No. 1:05CV02250 RMC** |

**PARTIAL MOTION TO DISMISS OF DEFENDANT**
**ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP**

Defendant ARAMARK Management Services Limited Partnership[1], through its undersigned attorneys, and based upon the accompanying Memorandum of Points and Authorities in Support thereof, hereby moves to dismiss Count 4 of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and Counts 5 and 6 pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Dated:  November 28, 2005

Respectfully submitted,

_____/s/_____
Grace E. Speights (D.C. Bar No. 392091)
Ray E. Donahue (D.C. Bar No. 482930)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
202.739.3000
202.739.3001 (facsimile)

Counsel for Defendant ARAMARK

---

[1] The Complaint improperly named "ARAMARK Facility Services, Inc." as Defendant.  Concurrently herewith, ARAMARK is filing a Motion for Substitution of Defendant to name "ARAMARK Management Services Limited Partnership" as Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHOLA ODEYALE<br><br>    Plaintiff,<br><br>    v.<br><br>ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP,<br><br>    Defendant. | Civil Action No.  1:05CV02250 RMC |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE PARTIAL MOTION TO DISMISS OF DEFENDANT
<u>ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP</u>**

Defendant ARAMARK Management Services Limited Partnership ("ARAMARK"), through its undersigned attorneys, hereby submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Counts 4-6 of the Complaint.  First, Plaintiff's Claim for Breach of Contract (Count 4), which relies on the allegation that "Plaintiff was an expressed beneficiary" of a contract between ARAMARK and the Washington Convention Center Authority ("WCCA"), fails as a matter of law because the contract specifically excludes beneficiaries under the contract.  Second, Plaintiff's claims for assault & battery should be dismissed for lack of subject matter jurisdiction because the liability of an employer for intentional torts must be resolved in the first instance by the District of Columbia Dept. of Employment Services ("DOES"), not this Court, under D.C.'s Worker's Compensation Act ("WCA"), D.C. Code Ann. § 36-1501, *et seq.*  Accordingly, this Court should dismiss Count 4 of Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Counts 5 and 6 of the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

I.    **BRIEF STATEMENT OF FACTS**

For the purposes of this Motion to Dismiss only, ARAMARK accepts as true the facts as set forth in the Complaint.

Plaintiff is a former WCCA and ARAMARK employee. (Complaint ¶ 1). Plaintiff was employed as a Building Services Supervisor at WCCA from April 2001 through September 30, 2004. (Complaint ¶ 7). Pursuant to a contract dated August 13, 2004, ARAMARK agreed to provide janitorial and housekeeping services at the D.C. Convention Center. (Complaint ¶ 4). Plaintiff was subsequently became employed by ARAMARK on October 1, 2004. (Complaint ¶ 8).

Plaintiff alleges six causes of action from his brief employment with ARAMARK: (1) race discrimination under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code Ann. § 2-1401, *et seq.*, (2) retaliation in violation of the DCHRA, (3) failure to timely pay wages earned upon termination in violation of D.C. law, (4) breach of contract, (5) assault, and (6) battery. Only Counts 4-6 are subject to this Motion to Dismiss. Specifically, Plaintiff alleges that pursuant to the contract between ARAMARK and WCCA, Plaintiff was to be employed "in a position comparable to Plaintiff's position while employed by WCCA and for a term no less than six months." (Complaint ¶ 5). While Plaintiff was not a party to the contract between ARAMARK and WCCA, Plaintiff alleges that he "was an expressed beneficiary of the contract," and that ARAMARK breached that contract by failing to provide Plaintiff with continued employment in a comparable position. (Complaint ¶¶ 28, 29). Plaintiff also alleges that during his employment with ARAMARK, his supervisor, Phil Myers, "grabbed Plaintiff by his clothing, putting Plaintiff in imminent fear of physical harm, pushed Plaintiff causing him to injury his head." (Complaint ¶ 12).

## II.   ARGUMENT

### A.   Legal Standard for Motion to Dismiss

ARAMARK moves to dismiss Count 4 of Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and Counts 5 and 6 for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

A claim can be dismissed pursuant to Fed. R. Civ. P 12(b)(6) if plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Kowal v. MCI Comm. Corp.*, 16 F. 3d 1271, 1277 (D.C. Cir. 1994) (internal citations omitted). The plaintiff's factual allegations must be presumed true and should be liberally construed in his favor. *See Bowhead Information Technology Svcs., Inc. v. Catapult Technology, Ltd.*, 377 F. Supp.2d 166, 171 (D.D.C. 2005). However, the Court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint, nor must the Court accept legal conclusions cast in the form of factual allegations. *Kowal*, 16 F. 3d at 1277.

The Court also may decide a motion to dismiss for lack of subject matter jurisdiction on the Complaint standing alone. *See Herbert v. Nat'l Academy of Sciences*, 974 F. 2d 192, 197 (D.C. Cir. 1992). Where necessary, the Court may also consider undisputed facts evidenced in the record. *Id.* However, no such consideration is necessary here, as the allegations in the Complaint are sufficient for the Court to determine whether it has subject-matter jurisdiction over Counts 5 and 6 of Plaintiff's Complaint.

As discussed in detail below, Plaintiffs are unable to meet the requirements to overcome ARAMARK's Motion to Dismiss with respect to Counts 4-6 of the Complaint, and the Court should therefore grant ARAMARK's Motion and dismiss those claims.

**B.     Plaintiff Is Not An Intended Beneficiary To The Contract Between ARAMARK and the WCCA, and Therefore Lacks Standing To Sue For Breach of That Contract**

To sue under a contract to which he is not a party, Plaintiff must demonstrate that he is an intended third-party beneficiary, as evidenced by the intent or words of the contract. *See Bowhead*, 377 F. Supp.2d at 171 (internal quotations omitted); *see also Frederick v. TPG Hospitality, Inc.*, 56 F. Supp.2d 76, 80 (D.D.C. 1999) ("[s]ince plaintiffs were not parties to the contract, they may sue to enforce its provisions only if the contracting parties intended them to benefit directly thereunder"). While a plaintiff need not be named in a contract to be a third party beneficiary, the parties to a contract must directly and unequivocally intend to benefit a third-party in order for that third-party to be considered an intended beneficiary. *Bowhead*, 377 F. Supp.2d at 171 (internal citations omitted). The parties' mere knowledge or awareness that a contract may benefit a third-party is insufficient, without more, to demonstrate an intent to confer a benefit on the third party. *Id.*

Here, Plaintiff's standing to sue for breach of contract is based on the allegation that "Plaintiff was an expressed beneficiary" of a contract between ARAMARK and WCCA. (Complaint ¶ 5). However, the contract, a true and correct copy of which has been filed with the Court pursuant to ARAMARK's Consent Motion to File Document Under Seal and is referenced in this Motion to Dismiss as Exhibit 1, plainly contradicts Plaintiffs' standing to sue as a third-party beneficiary.[2] The contract unequivocally states that "[o]ther than the parties to this contract, there are no intended beneficiaries of this contract, and no person shall have any rights as a third

---

[2] ARAMARK's attachment of the contract to its Motion to Dismiss does not convert ARAMARK's motion into one for summary judgment, and can be properly considered by this Court on a motion under Rule 12(b)(6). *See Runkle v. Gonzales*, 391 F. Supp.2d 210, 216 n.1 (D.D.C. 2005) (the court can consider documents that are referred to in the complaint and central to plaintiff's claim without converting the motion into one for summary judgment); *Vanover v. Hantman*, 77 F.Supp.2d 91, 98 (D.D.C. 1999) ("[w]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment").

party beneficiary under or by virtue of this contract." (Exhibit 1 at Sec. 12.5). While ARAMARK and WCCA may have understood that by entering into their contract, employees like Plaintiff would incidentally benefit from the contract through continued employment, mere *incidental* beneficiaries, like Plaintiff, do not have standing to enforce the terms of a contract. *See Bowhead*, 377 F. Supp.2d at 172. Accordingly, because Plaintiff cannot establish that he was an *intended* third-party beneficiary to the contract between ARAMARK and WCCA, Plaintiff's claim for breach of contract fails to state a claim upon which relief can be granted.

      **C.    Plaintiff's Claim for Assault & Battery Are Preempted By D.C.'s Worker's Compensation Act**

D.C.'s Worker's Compensation Act provides the exclusive remedy for tort injuries that occurred within the scope of Plaintiff's employment. D.C. Code Ann. § 36-1504; *Joyner v. Sibley Mem. Hosp.*, 826 A.2d 362, 374 (D.C. 2003); *Clark v. D.C. Dept. of Empl. Svcs.*, 743 A.2d 722, 728 (D.C. 2000). This Court would only have jurisdiction over Plaintiff's tort claims if Plaintiff can show that injuries attributable to his assault and battery claims are *clearly outside* the WCA's coverage. *Joyner*, 826 A.2d at 374 (emphasis added). Here, Plaintiff alleges that when he "addressed his supervisor with his concerns regarding his job assignment, Defendant ARAMARK's supervisor, Mr. Phil Myers, grabbed Plaintiff by his clothing, putting Plaintiff in fear of imminent physical harm, pushed Plaintiff causing him injury to his head, and called Plaintiff a racially derogatory name." (Complaint ¶ 12). The D.C. Court of Appeals has noted that an injury suffered from an assault may arise out of employment within the meaning of the WCA if the reason for the assault is a quarrel having its origin in work. *See Joyner*, 826 A.2d at 374 n.13. Because, based on Plaintiff's allegations, the reason for the alleged assault and battery on Plaintiff was a quarrel that had its origin in work, Plaintiff's claims fall within the WCA's

coverage.  At the very least, Plaintiff cannot show that his injuries are *clearly outside* the WCA's coverage and therefore, his tort claims for assault and battery must be dismissed.

Plaintiff's claims are remarkably similar to those found preempted in *Joyner*.  In *Joyner*, the D.C. Court of Appeals found that a plaintiff's claims for assault, battery, and false imprisonment should have been brought before DOES, not the trial court.  *Id.* at 374.  To avoid preemption, the plaintiff in *Joyner* asserted that the WCA did not apply to her claims for assault, battery, and false imprisonment because they were injuries resulting from alleged discrimination.  826 A.2d at 374 (citing *Estate of Underwood v. Nat'l Credit Union Admin.*, 665 A.2d 621 (D.C. 1995)).  However, the D.C. Court of Appeals rejected the plaintiff's argument because it found that a number of substantial questions existed as to the applicability of the WCA to the plaintiff's tort claims.  *Joyner*, 826 A.2d at 374.  These substantial questions included (1) uncertainty as to whether the plaintiff suffered the type of injury covered by the WCA; (2) whether the alleged injury occurred, if at all, in the scope of employment; and (3) if the injury occurred, whether it was caused by intentional or negligent conduct.  *Id.*  The D.C. Court of Appeals found that such questions must be resolved under the primary jurisdiction of DOES, not the trial court.  *Id.*  Because the same questions must be resolved for Plaintiff's claims of assault and battery, this Court lacks jurisdiction to resolve such claims.

### III.   CONCLUSION

For all of the above reasons, the Court should grant ARAMARK's Motion and dismiss Counts 4 for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12 (b)(6) and Counts 5 and 6 for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Dated: November 28, 2005	Respectfully submitted,

	_____/s/_____
	Grace E. Speights (D.C. Bar No. 392091)
	Ray E. Donahue (D.C. Bar. No. 482930)
	Morgan, Lewis & Bockius LLP
	1111 Pennsylvania Ave., N.W.
	Washington, D.C. 20004
	202.739.3000
	202.739.3001 (facsimile)

	Counsel for Defendant ARAMARK

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 28th day of November, 2005, a copy of the foregoing Partial Motion to Dismiss was served via the electronic case filing (CM/ECF) system and first-class mail, postage pre-paid, on Counsel for Plaintiffs as follows:

> Michael J. Hoare, Esq.
> Cynthia A. Duffe, Esq.
> MICHAEL J. HOARE, P.C.
> 1101 14th St., NW, Suite 710
> Washington, D.C. 20005

                          _____/s/_____
                               Ray E. Donahue