IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHOLA ODEYALE<br><br>**Plaintiff,**<br><br>v.<br><br>**ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP,**<br><br>**Defendant.** | **Civil Action No. 1:05CV02250 RMC** |

## ANSWER OF DEFENDANT
## ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP

Defendant ARAMARK Management Services Limited Partnership[1] ("ARAMARK"), by and through its attorneys, hereby answers Plaintiffs' Complaint in accordance with the numbered Paragraphs thereof as follows:

### I. INTRODUCTION

1. ARAMARK denies that "Aramark Facility Services, Inc." is the proper Defendant in this Action, as set forth in ARAMARK's Consent Motion For Substitution of Defendant. ARAMARK admits the remaining allegations in the first paragraph of Paragraph 1 of the Complaint.

ARAMARK denies the allegations in the second paragraph of Paragraph 1 of the Complaint.

### II. JURISDICTION

2. The allegations in Paragraph 2 of the Complaint assert legal conclusions to which no responsive pleading is required.

---

[1] The Complaint improperly named "ARAMARK Facility Services, Inc." as Defendant. Concurrently herewith, ARAMARK is filing a Motion for Substitution of Defendant to name "ARAMARK Management Services Limited Partnership" as Defendant.

1-WA/2476983.1

### III.     THE PARTIES

3. As noted in its response to Paragraph 1 above, ARAMARK denies that "Aramark Facility Services, Inc." is the proper Defendant in this action. ARAMARK avers that ARAMARK Management Services Limited Partnership is a limited partnership operating in the District of Columbia and that it provides commercial janitorial and housekeeping services to, among others, the Washington Convention Center Authority ("WCCA"). ARAMARK denies the remaining allegations in Paragraph 3 of the Complaint.

4. ARAMARK avers that it entered into a contract with the WCCA dated August 13, 2004 and admits the remaining allegations in Paragraph 4 of the Complaint.

5. In response to the allegations in Paragraph 5 of the Complaint, ARAMARK avers that WCCA's Janitorial & Related Serves RFP 04-06, which was incorporated into the August 13, 2004 contract between ARAMARK and WCCA, states, in relevant part, that:

> Contractor will be required to afford displaced employees of the Authority the protections of the Privatization Procurement and Contract Procedures Act of 1993, D.C. Law 10-79, D.C. Code §2-305b. Those protections are: that Contractor shall offer each displaced Authority employee right of first refusal in a comparable available position for which the employee is qualified for at least a six-month period during which the employee shall not be discharged except for cause; and that Contractor shall, at the end of six months, offer the employee continued employment if the employee's performance is satisfactory.

ARAMARK denies the remaining allegations in Paragraph 5 of the Complaint.

6. ARAMARK admits the allegations in Paragraph 6 of the Complaint based on the assumption that Plaintiff, who is in a better position than ARAMARK to know the facts averred therein, truthfully and accurately states his nationality and residence.

7. ARAMARK admits the allegations in Paragraph 7 of the Complaint based on the assumption that Plaintiff, who is in a better position than ARAMARK to know the facts averred therein, truthfully and accurately states his position and dates of employment with WCCA.

8.      In response to Paragraph 8 of the Complaint, ARAMARK admits that employed Plaintiff beginning on October 1, 2004. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

### IV.     FACTS

9.      ARAMARK admits the allegations in Paragraph 9 of the Complaint.

10.     ARAMARK denies the allegations in Paragraph 10 of the Complaint.

11.     ARAMARK denies the allegations in Paragraph 11 of the Complaint.

12.     ARAMARK denies the allegations in Paragraph 12 of the Complaint.

13.     ARAMARK denies the allegations in Paragraph 13 of the Complaint.

14.     ARAMARK denies the allegations in Paragraph 14 of the Complaint.

15.     ARAMARK denies the allegations in Paragraph 15 of the Complaint.

16.     ARAMARK denies the allegations in Paragraph 16 of the Complaint.

17.     ARAMARK denies the allegations in Paragraph 17 of the Complaint.

18.     ARAMARK denies the allegations in Paragraph 18 of the Complaint.

### V.     STATEMENT OF CLAIMS

**Count 1**
**District of Columbia Human Rights Act**
**Race Discrimination**

19.     ARAMARK incorporates by reference its responses to Paragraphs 1-18 above.

20.     The allegations in Paragraph 20 assert a legal conclusion to which no responsive pleading is required.

21.     ARAMARK denies the allegations in Paragraph 21 of the Complaint.

**Count 2**
**District of Columbia Human Rights Act**
**Retaliation**

1-WA/2476983.1

22. ARAMARK incorporates by reference its responses to Paragraphs 1-18 and 20 above.

23. ARAMARK denies the allegations in Paragraph 23 of the Complaint.

## Count 3
**District of Columbia Payment and Collection of Wages Act**
**Failure to Timely Pay Wages Earned Upon Termination**

24. ARAMARK incorporates by reference its responses to Paragraphs 1-18 above.

25. ARAMARK denies the allegations in Paragraph 25 of the Complaint.

26. ARAMARK denies the allegations in Paragraph 26 of the Complaint.

## Count 4
**Breach of Contract**

27. ARAMARK incorporates by reference its responses to Paragraphs 1-18 above.

28. ARAMARK has simultaneously moved to dismiss Count 4 in its entirety.

Therefore, no additional response to Paragraph 28 is required at this time.

29. ARAMARK has simultaneously moved to dismiss Count 4 in its entirety.

Therefore, no additional response to Paragraph 29 is required at this time.

## Count 5
**Assault**

30. ARAMARK incorporates by reference its responses to Paragraphs 1-18 above.

31. ARAMARK has simultaneously moved to dismiss Count 5 in its entirety.

Therefore, no additional response to Paragraph 31 is required at this time.

## Count 6
**Battery**

32. ARAMARK incorporates by reference its responses to Paragraphs 1-18 above.

33. ARAMARK has simultaneously moved to dismiss Count 5 in its entirety.

Therefore, no additional response to Paragraph 33 is required at this time.

**VI. JURY DEMAND**

34. ARAMARK admits that Plaintiff demands a jury trial on all counts of this Complaint. Whether a trial by jury is available to Plaintiff is a legal conclusion to which no responsive pleading is required.

In response to the WHEREFORE Paragraph of the Complaint, ARAMARK denies that Plaintiff is entitled to judgment or any of the relief requested.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3. Some of all of Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

4. ARAMARK at all times made a good-faith effort to prevent discrimination in the workplace and consistently maintained, implemented, and enforced a policy against discrimination and otherwise exercised reasonable care to prevent and correct promptly any discriminatory behavior. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided or to avoid harm otherwise.

5. ARAMARK's actions were justified by legitimate, non-discriminatory and non-retaliatory business reasons, and not Plaintiff's race or retaliation.

6. ARAMARK at all times made good faith efforts to comply with applicable law.

7. If any improper, illegal, or discriminatory act was taken by any of ARAMARK's employees against Plaintiff, it was outside the course and scope of that employee's employment,

contrary to ARAMARK's policies, and was not ratified, confirmed, or approved by ARAMARK. Thus, any such actions cannot be attributed or imputed to ARAMARK.

8. Should Plaintiff establish that race or retaliation was a motivating factor for any employment practice, Plaintiff's damages are limited by the fact that ARAMARK would have taken the same action in the absence of the impermissible motivating factor.

9. Some or all of Plaintiff's claims are moot.

10. Because ARAMARK did not discriminate against Plaintiff based on his race, did not retaliate against Plaintiff in violation of any applicable law, and did not otherwise harm Plaintiff, Plaintiff is not entitled to lost wages and benefits, compensatory, liquidated and punitive damages, prejudgment interest, reasonable attorney's fees, or costs.

11. To the extent Plaintiff is found to have suffered any emotional distress or mental anguish, such emotional distress or mental anguish was not so intense or of such duration that no ordinary person should be expected to endure it.

12. To the extent Plaintiff is found to have suffered any emotional distress or mental anguish, such emotional distress or mental anguish was not suffered as a result of conduct on the part of ARAMARK.

13. To the extent Plaintiff is found to have suffered any injuries, no such injuries occurred as a result of conduct on the part of ARAMARK.

14. Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive or penalty damages.

15. To the extent Plaintiff is found to have incurred any damages, he has failed to mitigate damages in whole or in part.

1-WA/2476983.1

16. ARAMARK reserves the right to raise additional defenses as may be discovered during the course of this litigation.

Dated: November 28, 2005       Respectfully submitted,

                               _____/s/_____
                               Grace E. Speights (D.C. Bar No. 392091)
                               Ray E. Donahue (D.C. Bar. No. 482930)
                               Morgan, Lewis & Bockius LLP
                               1111 Pennsylvania Ave., N.W.
                               Washington, D.C. 20004
                               202.739.3000
                               202.739.3001 (facsimile)

                               Counsel for Defendant ARAMARK

1-WA/2476983.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2005, a copy of the foregoing Answer was served via the electronic case filing (CM/ECF) system and first-class mail, postage pre-paid, on Counsel for Plaintiffs as follows:

>Michael J. Hoare, Esq.
>Cynthia A. Duffe, Esq.
>MICHAEL J. HOARE, P.C.
>1101 14th St., NW, Suite 710
>Washington, D.C. 20005

_____/s/_____
Ray E. Donahue