UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SHOLA ODEYALE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2250 (RMC) |
| ) | |
| **ARAMARK MANAGEMENT** ) | |
| **SERVICES LIMITED PARTNERSHIP,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On October 6, 2005, Plaintiff Shola Odeyale filed a complaint in D.C. Superior Court against Aramark Facility Services, Inc. The Complaint alleges claims under D.C. law.[1] Aramark Facility Services, Inc. removed the case to federal court alleging that diversity jurisdiction is proper. On December 2, 2005, the Court granted the parties' consent motion to substitute Aramark Management Services Limited Partnership ("AMSLP") as the proper defendant. Before the Court

---

[1] The Complaint alleges:

>Count I, violation of the D.C. Human Rights Act, D.C. Code § 2-1402.11, due to race discrimination;
>
>Count II, violation of the D.C. Human Rights Act, *id.*, due to retaliation;
>
>Count III, violation of the D.C. Payment and Collection of Wages Act.

The Complaint alleged three additional counts under D.C. law that were dismissed by stipulation of the parties as approved by the Court in a Minute Entry Order filed January 6, 2006.

is a pending motion for summary judgment. First, however, the Court must determine whether diversity jurisdiction is proper in this matter.

The statute conferring diversity jurisdiction, 28 U.S.C. § 1332, is strictly construed, and complete diversity between the parties is required. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). Upon removal, the burden of establishing jurisdiction rests upon the defendant. *Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 114 (D.D.C. 2006). For the purpose of diversity jurisdiction, unincorporated associations such as limited partnerships are considered to be a citizen of every state where their members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). Thus, a limited partnership like AMSLP is considered to be a citizen of each state in which its general and limited partners were citizens at the time of the filing of the complaint. *See Kier Bros. Inv. Inc. v. White*, 943 F. Supp. 1, 3 (D.D.C. 1996). Similarly, limited liability companies are considered unincorporated associations under 28 U.S.C. § 1332 and therefore are assigned the citizenship of their members. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120-21 (4th Cir. 2004); *Wright v. Herman*, 230 F.R.D. 1, 6 (D.D.C. 2005).

The Notice of Removal indicates that Mr. Odeyale is a citizen of the District of Columbia and that AMSLP "is a partnership organized and existing under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania." Notice of Removal ¶ 4. The Notice further indicates that AMSLP "is owned and operated by Aramark Services, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania, and Aramark SMMS, LLC, which is organized and existing under the laws of the State of Delaware, with its principal place of business in the State of

Pennsylvania." *Id*. ¶ 4 n.2. From this information, the Court cannot determine the citizenship of each of the general and limited partners of AMSLP. Accordingly, it is hereby

**ORDERED** that on or before October 11, 2007, AMSLP shall **SHOW CAUSE** why the Court should not remand this case to D.C. Superior Court for lack of subject matter jurisdiction. AMSLP shall file a notice of citizenship indicating the citizenship of every general and limited partner of AMSLP as of the date that the Complaint was filed (October 6, 2005). If any of the general or limited partners of AMSLP are corporations, the notice shall indicate both the place of incorporation and the principal place of business of such corporation. If any of the general or limited partners of AMSLP are limited partnerships or limited liability corporations, the notice shall indicate the citizenship of every general and limited partner of such limited partnership and the citizenship of every member of such limited liability corporation.

**SO ORDERED**.

Date: October 3, 2007                                    /s/
                                                        ROSEMARY M. COLLYER
                                                        United States District Judge