UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHOLA ODEYALE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:05cv02250 RMC |
| ARAMARK MANAGEMENT SERVS. LIMITED PARTNERSHIP, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
HIS MOTION TO ALTER OR AMEND JUDGMENT**

On October 29, 2007, this Honorable Court issued an Order granting in part Defendant's Motion for Partial Summary Judgment and dismissing Plaintiff's claim for hostile work environment under the D.C. Human Rights Act as stated in Count 1 of the Complaint. Plaintiff respectfully moves for reconsideration of this Order and to alter or amend the judgment under Fed. R. Civ. P. Rule 59(e).

A Rule 59(e) motion should be granted if there is a "need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (citation omitted). The Court appears to have applied the wrong legal standard to Odeyale's hostile work environment claim and to have overlooked critical evidence that supports that claim. Hence, Plaintiff suggests that "clear error" exists warranting the reversal of the Court's decision to dismiss the Count 1 of the Complaint.

I.	**The Correct Legal Standard for a Hostile Work Environment Claim.**

  A.	*The Standard is Severe <u>or</u> Pervasive, Not Severe <u>and</u> Pervasive*

In *Meritor Savings Bank v. Vinson*, the United States Supreme Court set forth the well-known standard for analyzing a hostile environment claim, holding that harassing conduct must be "sufficiently severe or pervasive" to change the conditions of employment and create an abusive working environment. 477 U.S. 57, 67 (1986). In its opinion, the Supreme Court did not require that the harassing conduct be both severe <u>and</u> pervasive to be actionable under Title VII, and federal courts have since emphasized that this standard requires only that such conduct be sufficiently severe <u>or</u> pervasive, and not necessarily both. As aptly stated by the Third Circuit:

> We have often stated that discriminatory harassment must be "pervasive and regular." . . . But the Supreme Court's standard is "severe or pervasive." . . . The difference is meaningful, and the Supreme Court's word controls, so we use the severe or pervasive standard here. . . . [S]ee also 2 Charles A. Sullivan, Michael J. Zimmer & Rebecca Hanner White, Employment Discrimination Law and Practice 455 (3d ed. 2002) ("The disjunctive phrasing means that 'severity' and 'pervasiveness' are alternative possibilities: some harassment may be severe enough to contaminate an environment even if not pervasive; other, less objectionable, conduct will contaminate the workplace only if it is pervasive.").

*Jensen v. Potter*, 435 F.3d 444, 449 n.3 (3d Cir. 2006) (some internal citations omitted); *see also Campbell v. Kansas State Univ.,* 780 F. Supp. 755, 762 (D. Kan. 1991) ("[T]his court is mindful that the Supreme Court in *Vinson* required that the harassment be 'sufficiently pervasive *or severe*.' (Emphasis added.) As such, a single isolated incident – while perhaps not pervasive – may nevertheless be so severe as to amount to an actionable violation of Title VII."); *Miller v. Wash. Metro. Area Transit Auth.*, No. 05-2342, 2007 U.S. Dist. LEXIS 42385, *16 (D.D.C. June 11, 2007) (recognizing that "a one-time incident could be so severe that it changes the conditions

of employment by creating an abusive working environment").

In this case, the Court's Memorandum Opinion misstates the legal standard for Plaintiff's hostile work environment claim as "severe *and* pervasive" and rules that Plaintiff has not met that incorrect standard. The Opinion states that "a hostile work environment claim . . . must be based on severe and pervasive discriminatory intimidation or insult." (Mem. Op. at 6 (quoting *Lester v. Natsios*, 290 F. Supp. 2d 11, 22 (D.D.C. 2003)) (emphasis supplied). The correct legal standard, however, is "severe *or* pervasive." The Opinion then concludes: "The conduct alleged, while offensive, is not sufficiently severe *and* pervasive to constitute a hostile work environment." (Mem. Op. at 7 (emphasis supplied)). As Plaintiff shows below, however, the conduct alleged does meet the correct standard of being "sufficiently severe" to constitute a hostile work environment.

  B. *A Single "Extremely Serious" Incident is Sufficiently "Severe"*

    1. A Single Incident of Harassment Involving a Physical Assault is Sufficiently "Severe"

Since *Meritor*, the Supreme Court has revisited the hostile work environment standard on several occasions. In *Faragher v. City of Boca Raton*, the Court recognized that an isolated but "extremely serious" incident of harassment could amount to a discriminatory change in the terms and conditions of employment. *Faragher*, 524 U.S. 775, 788 (1998). And in *Clark Co. School District v. Breeden*, the Court reiterated that a single "extremely serious" incident of harassment could violate Title VII, although the incident at issue did not rise to that level. *Breeden*, 532 U.S. 268, 270-71 (2001).

Numerous courts have found that a single incident of race-based (or sex-based)[1]

---

[1] Courts may properly draw on standards developed in cases involving racial harassment to determine what constitutes actionable sexual harassment, and vice versa. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 & n.1.

harassment accompanied by physical assault is sufficiently "severe" to alter the terms and conditions of employment and create a hostile work environment. *E.g., Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967 (9th Cir. 2001) (summary judgment in favor of defendant reversed where the plaintiff's hostile work environment claim was based on a rape); *Smith v. Sheahan*, 189 F.3d 529, 530-31 (7th Cir. 1999) (summary judgment reversed where in single incident co-worker called plaintiff a "bitch," threatened to "fuck [her] up," pinned her against a wall, and twisted her wrist severely enough to damage her ligaments, eventually requiring surgical correction); *Lockard v. Pizza Hut*, 162 F.3d 1062, 1072 (10th Cir. 1998) (isolated incident where restaurant patron grabbed the hair of a waitress, pulled her breast toward him and put his mouth on it was sufficient to constitute a Title VII violation); *Guess v. Bethlehem Steel Corp.*, 913 F.2d 463, 464 (7th Cir. 1990) (single incident where supervisor picked up plaintiff and forced her face against his crotch impliedly considered to create hostile environment); *Simon v. Morehouse School of Medicine*, 908 F.Supp. 959, 969-70 (N.D. Ga. 1995) (single act of rape sufficient); *Campbell v. Kansas State Univ.*, 780 F. Supp. 755, 761-62 (D. Kan. 1991) (supervisor's act of slapping female employee on her buttocks and his subsequent verbal threat to continue the offensive physical contact sufficiently severe to constitute actionable sexual harassment); *Barrett v. Omaha Nat'l Bank*, 584 F. Supp. 22, 24, 30 (D. Neb. 1983), *aff'd*, 726 F.2d 424 (8th Cir. 1984) (single incident constituted actionable sexual harassment where harasser talked to plaintiff about sexual activities and touched her in an offensive manner while they were inside a vehicle from which she could not escape); *see Tomka v. Seiler Corp.,* 66 F.3d 1295, 1305 (2d Cir. 1995) (noting that "even a single incident of sexual assault sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment for purposes of Title VII liability"); *see also Barbour v. Browner*, 181 F.3d 1342, 1348 (D.C. Cir.

1999) (citing *Tomka*, *supra*); *Russ v. Van Scoyoc Assocs.*, 122 F. Supp. 2d 29, 33 (D.D.C. 2000) (acknowledging that a single incident of harassment accompanied by a physical assault may constitute a hostile work environment, citing *Smith* and *Lockard*).

In this case, the Court's Memorandum Opinion discounts the fact that on October 6, Plaintiff's supervisor called Plaintiff "nigger" **while grabbing his pants and pulling him off a ladder** causing the Plaintiff to fall and injure his head and back.[2] The Opinion refers to this incident as merely an "incident of name calling" and apparently ignores the assault and battery which accompanied the racial slur. (Mem. Op. at 7). The Opinion then concludes:

> The conduct alleged, while offensive, is not sufficiently severe and pervasive to constitute a hostile work environment. "'[M]ere utterance of an . . . epithet which engenders offensive feelings in an employee' does not sufficiently affect the conditions of employment to implicate Title VII." *Harris*, 510 U.S. at 21 (quoting *Meritor*, 477 U.S. at 91).

(Mem. Op. at 7). But this was *not* a "mere utterance of an epithet." This was the ugliest epithet that can be uttered against an African-American individual – accompanied by an assault and battery that caused him injury. A jury could easily find that such an extremely serious incident was "sufficiently severe" to alter the terms and conditions of Plaintiff's employment and create a hostile work environment. *See Paroline v. Unisys Corp.*, 879 F.2d 100, 105 (4th Cir. 1989) (question of "whether the 'harassment was sufficiently severe or pervasive to create a hostile work environment is quintessentially a question of fact' for the jury."), *vacated in part on other grounds*, 900 F.2d 27 (4th. Cir. 1990) (en banc); *Crowley v. L.L. Bean, Inc.*, No. 00-183-P-C, 2001 U.S. Dist. LEXIS 11039, *56 (D. Me. May 8, 2001) (court noted that evaluating the severity and pervasiveness of harassing conduct in a work environment is often difficult and

---

[2] *See* Pl.'s Response to Def.'s Statement of Material Fact Nos. 49, 51. For purposes of summary judgment, the Court must accept as true all the facts in favor of Plaintiff, as the non-movant. *Hussain v. Nicholson*, 435 F.3d 359, 365 (D.C. Cir. 2006).

inappropriate on a motion for summary judgment).

> 2. A Single Incident of Harassment Involving Threatening or Particularly Derogatory Conduct is Sufficiently "Severe"

Some courts have ruled that a single invidious incident of harassment may be sufficiently "severe" to create a hostile work environment even absent physical assault. *E.g., Williams v. New York City Housing Auth.*, 154 F. Supp. 2d 820, 824-25 (S.D.N.Y. 2001) (display of noose in supervisor's office for three days was sufficiently severe, if proven, to establish hostile work environment claim); *Wise v. New York City Police Dept.*, 928 F. Supp. 355, 369 (S.D.N.Y. 1996) (summary judgment denied where plaintiff was subjected to two-minute incident involving pornographic magazines, kissing sounds, and cat calls); *Reid v. O'Leary*, No. 96-401, 1996 U.S. Dist. LEXIS 10627 (D.D.C. July 15, 1996) (summary judgment denied; "it is very possible that the term 'Coon-Ass' is racially derogatory or severe enough, in and of itself, to create a hostile work environment"); *Taylor v. Metzger*, 152 N.J. 490 (1998) (single incident involving racial epithet "jungle bunny" may be sufficient to establish a hostile work environment); *see Torres v. Pisano*, 116 F.3d 625, 631 n.4 (2d Cir. 1997) ("Of course, even a single episode of harassment, if severe enough, can establish a hostile work environment"); *Daniels v. Essex Group, Inc.*, 937 F.2d 1264, 1274 n.4 (7th Cir. 1991) (single instance of racial harassment can be "severe or pervasive" enough, for example, cross-burning); *Roof v. Howard Univ.*, 501 F. Supp. 2d 108, 114 n.3 (D.D.C. 2007) (recognizing that harassment may be "severe" when it involves "physical intimidation or threats"); *see also Vance v. Southern Bell Tel. and Tel. Co.,* 863 F.2d 1503, 1510-11 (11th Cir. 1989) (two incidents in which noose was hung over employee's workstation).

It is notable that most incidents deemed sufficiently "severe" to create a hostile work environment involve the use of particularly ugly racial epithets against African-Americans ("Coon-Ass" or "jungle bunny") or symbols that represent a specific threat against African-

Americans (nooses or cross-burning). As the Fourth Circuit has noted, the word "nigger" of itself is a particularly egregious expression of racial hostility:

> Far more than a "mere offensive utterance," the word "nigger" is pure anathema to African Americans. "Perhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet such as 'nigger' by a supervisor in the presence of his subordinates." *Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993).

*Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 (4th Cir. 2001).

In this case, the Court's Memorandum Opinion makes no mention of the horrific incident where, not only did Plaintiff's supervisor repeatedly use the word "nigger" himself, he tried to force the Plaintiff to use the word as well, causing him to cry and protest that he was being "tortured." Mr. Odeyale recounts Mr. Myers

> telling me to be looking at the letter N on the boxes. So he told me to be looking at those letter and tell him what the N stand for. . . . And Phil Myers told me no, you didn't get it. You didn't get the popular one in America, dummy. He is referring to me. He said, you dummy, you don't know what the N stand for. You telling me you live in America for a long time. You don't know what the letter N stand for. Letter N stand for nigger, man. Nigger. It's nigger. So the way to pronounce it. He said what did I saw. I said you say N. So he say no, I want you to say it. Then I was crying. I said no, I'm not going to say it. Then I was crying. I said this is tortured. You are torturing me." Odeyale Dep. 181.

Pl.'s Response to Def.'s Statement of Material Fact Nos. 51, 52. This harassment can only be properly described as "sick." Again, a jury could easily find that such an extremely serious incident was "sufficiently severe" to alter the terms and conditions of Plaintiff's employment and create a hostile work environment.

## II.     A Short Term of Employment is Not Dispositive of Whether a Hostile Work Environment was Created.

Simply because the harassment occurred within the first few days of employment does

not mean that, as a matter of law, it could not create a hostile work environment. *Carlisle v. Bennett Enters.*, No. 3:96 CV 7447, 1997 U.S. Dist. LEXIS 18752, *22-23 (N.D. Ohio 1997) (summary judgment denied; supervisor's "strictly verbal" sexual advances toward plaintiff on her first day at job, including arranging her work schedule so that she would be alone with him in the restaurant, "created severe harassment"); *Ross v. Double Diamond, Inc.,* 672 F. Supp. 261, 271-72 (N.D. Tex. 1987) (supervisor's lewd comments and actions on plaintiff's first and second days on the job were sufficiently severe or pervasive to create hostile work environment).  As the court stated in *Ross*: "This Court submits that it would be inconsistent . . . to allege that a human being who has been intensely . . . harassed at the workplace does not have a claim under Title VII because the human being did not stay on the job for a longer period of time and subject himself or herself to further degradation." *Id*. "[T]here is neither a threshold 'magic number' of harassing incidents that gives rise, without more, to liability as a matter of law nor a number of incidents below which a plaintiff fails as a matter of law to state a claim." *Rodgers,* 12 F.3d at 674; *accord Woods v. Graphic Communications, Union Local 747*, 925 F.2d 1195, 1201 (9th Cir. 1991); *Vance*, 863 F.2d at 1511.

In this case, the Court's Memorandum Opinion states: "Mr. Odeyale's allegation that he was subject to name calling for three days is insufficient to assert a hostile environment claim." (Mem. Op. at 7).  Plaintiff has shown that he suffered at least two "extremely serious" incidents of race-based abuse that far exceeded mere "name calling."  He has therefore met the "sufficiently severe" standard for a hostile work environment.  At a minimum, he has presented a triable issue of fact for a jury to determine the matter.

WHEREFORE, having demonstrated the "need to correct a clear error or prevent

manifest injustice," Plaintiff respectfully moves that this Honorable Court alter or amend the judgment and reinstate his hostile work environment claim.  A proposed Order is attached.

Respectfully submitted,

____/s/_____
Michael J. Hoare [D.C. Bar No. 206979]
Michael J. Hoare, P.C.
1101 14th Street, NW, Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (fax)
Attorney for Plaintiff