IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHOLA ODEYALE**<br><br>**Plaintiff,**<br><br>v.<br><br>**ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP,**<br><br>**Defendant.** | **Civil Action No. 1:05CV02250 RMC** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT**

Defendant ARAMARK Management Services Limited Partnership ("ARAMARK" or "Defendant"), by and through its undersigned counsel, hereby opposes Plaintiff's Motion to Alter or Amend Judgment and in support thereof, states as follows.

**I.    INTRODUCTION**

On October 29, 2007, the Court issued an Order Granting in Part Defendant's Motion for Summary Judgment ("Order") with an accompanying Memorandum Opinion ("Opinion"). The Court granted Defendant's Motion for Summary Judgment on Plaintiff's hostile work environment claim under the District of Columbia Human Rights Act ("DCHRA").[1] On November 9, 2007, Plaintiff filed a Motion to Alter or Amend Judgment, in which he asks the Court to reconsider its dismissal of his hostile work environment claim. As set forth more fully below, Plaintiff's motion should be denied because Plaintiff has failed to establish any clear error of law that would merit reconsideration.

---

[1] The Court denied ARAMARK's motion with respect to Plaintiff's remaining discrimination claim (termination) and retaliation claim.

## II.     ARGUMENT

A motion for reconsideration should be granted only if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted). The moving party must show "new facts or clear errors of law which compel the court to change its prior position." Nat'l Center for Manufacturing Sciences v. Dept. of Defense, 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted). Because Plaintiff has failed to meet this high burden, the motion should be denied.

A motion for reconsideration "is not routinely granted[,]" and "'is not simply an opportunity to reargue facts and theories on which a court has already ruled.'" Harvey v. District of Columbia, 949 F. Supp. 878, 879 (D.D.C. 1996) (citing New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995)). "While the Court has discretion in ruling on a Rule 59(e) motion for reconsideration, the reconsideration of a previous order is an 'extraordinary measure' and is disfavored unless extraordinary circumstances are established." Richardson v. Aetna U.S. Healthcare, No. 02-1603 (RJL), 2003 U.S. Dist. LEXIS 26266, *1-2 (D.D.C. Sept. 29, 2003) (citing Zyko v. DOD, 180 F. Supp. 2d 89, 90-91 (D.D.C. 2001)); see also Schwartz v. Swartz, 723 A.2d 841, 844 (D.C. 1998).

In his Motion to Alter or Amend Judgment, Plaintiff neither directs this Court to any change in controlling law since the Order issued, nor does he assert that new evidence has become available. Rather, Plaintiff asserts that the Court committed a clear error by applying the wrong legal standard to the hostile work environment claim and overlooking critical evidence in support of that claim. *See* Pl. Memorandum at p. 1. Plaintiff's arguments, however, do not rise

to the level of clear errors sufficient to support reconsideration. Instead, Plaintiff's Motion merely restates arguments, albeit with additional legal support, which he raised in Opposition to Defendant's Motion for Summary Judgment and on which this Court has already ruled.

### A. The Court Applied The Correct Legal Standard

The Court's Opinion correctly states and applies the standard for establishing a hostile work environment. The Opinion states, "Title VII, and thus the DCHRA, is violated when a plaintiff demonstrates that the 'workplace is permeated with discriminatory intimidation, ridicule, and insult' and that this behavior is 'sufficiently **severe or pervasive** to alter the conditions of the victim's employment and create and abusive working environment.'" Opinion at 6, citing Harris v. Forklift Sys., 510 U.S. 17, 21 (1993) (emphasis added). The Court then applies this standard to the facts at hand and concluded, correctly, that Plaintiff had not established a hostile work environment.

Plaintiff's Motion ignores this recitation of the standard and instead relies on the fact that at two points in the Opinion, the Court uses the phrase, "severe and pervasive." Plaintiff suggests that the mere presence of this phrase is indicative of clear error. Simply put, this argument is a stretch. The presence of the phrase "severe and pervasive" is not an indication that the Court committed a clear error of law. Indeed, a review of the Court's analysis reveals that the Court found the alleged harassment to be **neither** severe **nor** pervasive.

First, the Court recognized that Plaintiff's vague allegations of frequent name calling during three days of his employment were insufficient to establish a hostile work environment. The Court correctly concluded that these instances did not rise to the level of severity necessary to find a hostile work environment. This holding is plainly correct and well supported by the governing case law. See Singh v. U.S. House of Representatives, 300 F. Supp.2d 48, 56 (D. D.C. 2004) (granting summary judgment where plaintiff's allegations that supervisor was

"hostile, patronizing and frequently abusive" were insufficient to establish hostile work environment); Kidane v. Northwest Airlines, Inc., 41 F.Supp.2d 12, 16 (D.D.C. 1999) (Plaintiff's allegations that his supervisor told him to "go back to [his] African country," made references to camels, and called him names were insufficient to establish a hostile work environment); Bryant v. Brownlee, 265 F.Supp.2d 52, 64 (D.D.C. 2003) (no hostile work environment when co-worker referred to plaintiff as "nigger" and another co-worker said "black woman were at the bottom. The white men were first, the white women were right up there with them ...."); Skipper v. Giant Food, Inc., 68 Fed. Appx. 393, 399 (4th Cir. 2003) (no racially hostile work environment where plaintiff exposed to daily racist graffiti, overheard white co-workers using racial slurs 13 times, and referred to by manager with a racial slur).

Second, the Court examined the October 6 incident – the only incident that Plaintiff testified to with any specificity - where Mr. Myers allegedly called him a "nigger" and a "chicken" while pulling him from the ladder. The Court rightly concluded that this single incident was insufficiently severe to create an abusive work environment. Again, this position is well supported by case law. "[A]bsent the most stringent circumstances, courts have refused to hold that one incident in itself was so severe as to create a hostile work environment." Tatum v. Hyatt Corp., 918 F. Supp. 5, 7 (D.D.C. 1994) (holding no hostile work environment where plaintiff's co-worker wrapped his arms around plaintiff's neck and body, rubbed against plaintiff as if to simulate sexual intercourse, made comments about her physical attractiveness, and placed a piece of ice in her skirt pocket); Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002) (citing Tatum); Ramey v. Potomac Electric Power Co., 468 F. Supp. 2d 51, 58 (D.D.C. 2006) ("[o]ne incident – though reprehensible if true – does not a hostile work environment make"). Despite Plaintiff's efforts to cite as many cases as possible to the contrary, the Court's conclusion that

Plaintiff's testimony regarding the October 6 incident did not establish a hostile work environment is legally sound. There is no clear error here.

### B. The Court Has Not Overlooked Evidence

Plaintiff contends that the Court has "overlooked critical evidence" in evaluating his hostile work environment claim. Plaintiff does not proffer any new evidence in support of this argument. Instead, Plaintiff merely disagrees with the Court over the significance of certain facts.

Plaintiff argues that the Court "discounts" the fact that on October 6, 2004, Plaintiff's Supervisor allegedly called Plaintiff "nigger" while grabbing his pants and pulling him off a ladder, causing the Plaintiff injury. In light of the fact that this incident is discussed and analyzed in the Court's opinion, Plaintiff's suggestion that the Court "overlooked" or "discounted" this incident is overstated. See Opinion at pp. 2-3, 7. In essence, Plaintiff's simply disagrees with the Court's conclusion that this incident did not rise to the level of severity necessary to establish a hostile work environment. Plaintiff then attempts to dissuade the Court from its original conclusion by citing *numerous* cases as examples of decisions where courts have found that a single incident can, in some extreme circumstances, be sufficient to establish a hostile work environment. The existence of legal authority in support of Plaintiff's argument, however, does not demonstrate that the Court's holding on this issue was a clear error. To the contrary, as established above, numerous courts within this jurisdiction have held that a single incident is not sufficient to create a hostile work environment.

Similarly, Plaintiff argues that the Court "makes no mention" of Plaintiff's testimony regarding a conversation he had with Mr. Myers involving the N-word that he described as "torture." However, as set forth in Defendant's Motion for Summary Judgment, Plaintiff's allegations describing the use of the N-word, will not automatically establish a hostile work

5

environment. See Daso v. Grafton School, Inc., 181 F. Supp. 2d 485, 493 (D. Md. 2002) (granting summary judgment on harassment claim on the grounds that a single incident where supervisor called subordinate "Nigger" was not sufficiently frequent or pervasive to create actionable hostile work environment); Richard v. Bell Atlantic Corp., 167 F. Supp. 2d 34, 43 (D.D.C. 2001) (granting summary judgment to employer where plaintiff alleged among other things that she was referred to as the N-word, segregated, denied a personal computer, and excluded from company events).

    C.    **The Court Should Deny Plaintiff's Motion Because Plaintiff Is Attempting To Reargue Summary Judgment.**

In support of his argument that the Court committed a clear error, Plaintiff's motion makes three points: (1) a single incident involving a physical assault is sufficiently severe; (2) a single incident involving threatening or derogatory conduct is sufficiently severe; and (3) a short term of employment is not dispositive of whether or not a hostile work environment is created. Incidentally, these are precisely the same arguments that Plaintiff made in his Opposition to Defendant's Motion for Summary Judgment ("Opposition"), albeit with additional legal support.[2] See Opposition at pp. 10-12. Plaintiff's Motion boils down to the same argument he made in opposing summary judgment.

Plaintiff's disagreement with the Court's decision, however, is not a basis for reconsideration. Zhu v. United States, No. 04-1216 (RMC), 2006 U.S. Dist. LEXIS 660, *9 (D.D.C. Jan. 3, 2006) ("Mere disagreement does not support a Rule 59(e) motion.") (citing

---

[2]    For example, in Plaintiff's Opposition, he argued that the duration of Plaintiff's employment was long enough to satisfy the severe or pervasive standard. See Opposition at p. 12. Plaintiff's Opposition, however, failed to cite *any* legal authority on that point. Instead, Plaintiff argued that if the Court rejected his hostile work environment claim, that "devious employers would hire certain people for two to three day periods, abuse them at will and be immune from liability." Id. Now, presumably troubled by the loss of his hostile work environment claim, Plaintiff is trying to get a second bite at the apple and has chosen to reargue this point, now with reference to legal authority. A Rule 59(e) motion, however, is not the appropriate forum to present legal authority or arguments that plaintiff could have made in opposition to summary judgment, but, for whatever reason, did not.

6

Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993)).  See also McCoy v. Macon Water Auth., H.E., 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (motion for reconsideration is not "properly a forum for a party to vent his dissatisfaction with the Court's reasoning.  The Court assumes that in nearly every case at least one party will deem a decision to be based on flawed reasoning.  However, for a court to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and [the moving party] must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'") (quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

     In essence, Plaintiff's Motion demonstrates that he merely disagrees with the Court's reasoning.  Accordingly, Plaintiff's Motion for to Alter or Amend Judgment should be denied.

                              Respectfully submitted:

                              _____/s Katherine J. Emig_____
                              Grace E. Speights (D.C. Bar No. 392091)
                              Katherine J. Emig (D.C. Bar No. 496410)
                              MORGAN, LEWIS & BOCKIUS LLP
                              1111 Pennsylvania Avenue, N.W.
                              Washington, DC  20004
                              Phone:  (202) 739-3000
                              Fax:  (202) 739-3001

                              *Counsel for Defendant*
                              *ARAMARK Management Services Limited Partnership*

Dated:  November 19, 2007

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I filed electronically via the Court's CM/ECF system, a copy of the foregoing Defendant ARAMARK's Opposition to Plaintiff's Motion to Alter or Amend Judgment, this 19th day of November 2007, upon counsel for Plaintiff:

>Michael J. Hoare, Esq.
>Michael J. Hoare, P.C.
>1101 14th Street, N.W., Suite 710
>Washington DC 20005

                                /s/ Katherine J. Emig
                                  Katherine J. Emig