UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHOLA ODEYALE,              ) | |
|            Plaintiff,   ) | |
| v.                          ) | Civil Action No. 05-2250 (RMC) |
| ARAMARK MANAGEMENT SERVICES ) | |
| LIMITED PARTNERSHIP,        ) | |
|            Defendant.   ) | |

**ORDER**

On October 29, 2007, the Court issued a Memorandum Opinion and Order granting Defendant's motion for summary judgment on Plaintiff Shola Odeyale's hostile environment claim, but denying the motion on Mr. Odeyale's discrimination and retaliation claims. Mr. Odeyale now seeks reconsideration, and Defendant opposes. As explained below, the motion to reconsider is denied.

A. Standard of Review

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

B. Analysis

Mr. Odeyale argues that the Court made a clear error because it misapplied the standard for finding a hostile work environment. While the Memorandum Opinion states that the D.C. Human Rights Act is violated when a plaintiff demonstrates that the "workplace is permeated with discriminatory intimidation, ridicule, and insult" and that this behavior is "*sufficiently severe or pervasive* to alter the conditions of the victim's employment and create an abusive working environment," *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (emphasis added), the Opinion erroneously states that "[t]he conduct alleged, while offensive, is not sufficiently severe *and* pervasive to constitute a hostile work environment." The use of the word "and" instead of the word "or" was a typographical error.[1] Despite this, the Court's finding was not in error — Mr. Odeyale's allegation that Mr. Myers called him a nigger and pulled him from a ladder is insufficient to demonstrate a sufficiently severe *or* pervasive hostile work environment and does not present a prima facie case of racial harassment. "Absent the most stringent circumstances, courts have refused to hold that one incident in itself was so severe as to create a hostile work environment." *Tatum v. Hyatt Corp.*, 918 F. Supp. 5, 7 (D.D.C. 1994).

For the reasons stated above, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration [Dkt. #26] is **DENIED**.

**SO ORDERED.**

Date:   November 20, 2007            _____/s/_____
                                     ROSEMARY M. COLLYER
                                     United States District Judge

---

[1] The Court appreciates that this error was brought to its attention and will vacate, correct, and reissue its Memorandum Opinion.